IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DEMBA BAH,

    Plaintiff,

v.

CASEY'S GENERAL STORES, INC.

    Defendant.

Case No. _____

## COMPLAINT

COMES NOW Plaintiff Demba Bah, by and through his undersigned attorneys of record, for his cause of action against Defendant Casey's General Stores, Inc. ("Casey's"), and states as follows:

1. Defendant Casey's operates over 2,200 convenience stores in the Midwestern and Southern United States.

2. Plaintiff Demba Bah is a legal immigrant to the United States from The Gambia who worked for Casey's in Boonville, Missouri, from 2013 until his last day of May 4, 2019. During that time, Plaintiff was subjected to pervasive harassment by his white co-workers and managers because of his race, color, and national origin. This harassment included reference to Plaintiff as "a foreigner," calling the police to the store because a white co-worker was not comfortable being in the store with him, non-consensual "theft-prevention" searches of Plaintiff's belongings, and refusal to allow Plaintiff to take breaks with white co-workers. Ultimately, Plaintiff was constructively discharged when he could no longer tolerate his working conditions and realized that, despite his repeated complaints and transfer to another store, that the discrimination and harassment was never going to stop.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1331 as the claims brought herein arise under federal statutes and thus present federal questions.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Casey's is deemed a resident of the Western District of Missouri as it is subject to personal jurisdiction in this District. Venue in this division of the Western District of Missouri is proper because Casey's maintains multiple stores in the Central Division of this Court and a substantial part of the events giving rise to this claim occurred in Cooper County, Missouri.

## PARTIES

5. Defendant Casey's is an Iowa corporation with its principal place of business at One SE Convenience Boulevard, Ankeny, Iowa, 50021 and may be served process through its registered agent The Corporation Company, 120 S. Central Avenue, Clayton, Missouri 63105.

6. Plaintiff is a black male originally from the The Gambia, in west Africa. He is, and was at all times relevant, a legal resident of the United States and legally authorized to work in the United States.

7. Plaintiff is, and was at all times relevant, a resident of the State of Missouri.

8. Plaintiff was employed by Casey's in Boonville, Cooper County, Missouri, from in or about 2013 until he was constructively on May 4, 2019.

## FACTS COMMON TO ALL COUNTS

9. On October 30, 2019, Plaintiff Demba Bah timely dually filed his Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit 1, attached.

10. On January 4, 2021, the EEOC issued Plaintiff a Notice of Right to Sue, entitling him to bring his claim before the Court. *See* Exhibit 2, attached.

11. Plaintiff has exhausted all administrative remedies necessary to bring his claims and has filed his suit within 90 days of the issuance of his Notice of Right to Sue.

12. Shortly after Plaintiff began working for Casey's in 2013, he began being harassed by other coworkers because of his race, color, and national origin.

13. Plaintiff's coworkers and managers isolated him by preventing him from taking breaks or even speaking with other, white, coworkers.

14. Casey's managers went through Plaintiff's belongings under the guise of "theft-prevention" even though other, white, employees were not subject to similar searches.

15. One of Casey's assistant managers, Savannah, called the local police to come stand in the store because she said she was not comfortable being in the store with Plaintiff.

16. Plaintiff also often heard Savannah talking negatively to other co-workers about the fact that Plaintiff was a foreigner.

17. When Plaintiff initially complained to his store manager, Brenda, about the treatment he had received, Plaintiff was told simply to look in the mirror and that Brenda could do nothing else for him.

18. Brenda further instructed Plaintiff not to speak to his co-workers and told them not to speak to him.

19. In early 2018, a kitchen manager position became available. Plaintiff was told that he could not apply for the position without pre-approval. Despite his request, Brenda and Savannah denied Plaintiff that approval.

20. In February 2019, Plaintiff called the corporate office to complain about his denied promotion and the pattern of harassment he had been subjected to. As a result of this complaint, Plaintiff was transferred to a less desirable store location and told that "appropriate action had been taken."

21. Despite being transferred, the pattern of harassment continued. Specifically, Plaintiff's co-workers continued to refer to him as "the foreigner" and complained about Plaintiff's "need to learn to speak English."

22. Plaintiff fluently reads, writes, and speaks English. Plaintiff does have a west African accent.

23. At one point, one of Plaintiff's co-workers said that he wished corporate would just pay Plaintiff a settlement so that Plaintiff would go away and that the co-worker would not have to watch Plaintiff all the time.

24. Plaintiff was constructively discharged from his employment as a cook at Casey's on May 4, 2019. That day, Plaintiff was written-up for eating food that had been taken off the shelf for sale to customers. This is something that was allowed by Casey's. Indeed, other white employees often did the same thing without being disciplined.

25. After his May 4, 2019 write-up, Plaintiff realized that he could no longer work at Casey's and quit his employment because no reasonable person could continue to work under the conditions he had been subjected to for years.

26. After his constructive discharge, Plaintiff had a period of unemployment where he received no wages or other fringe benefits. After a time, he began a new job but it did not pay as well as his position at Casey's.

### COUNT I - CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Race, Color, and National Origin Discrimination & Retaliation)

27. Plaintiff hereby incorporates the averments contained above in paragraphs 1 through 26 as though the same were restated fully herein.

28. Casey's and its agents' conduct described above made Plaintiff's working conditions intolerable. That is, a reasonable person in Plaintiff's situation would have deemed resignation the only reasonable alternative after the events of May 4, 2019.

29. Plaintiff's race, color and national origin were motivating factors in the conduct of Casey's and its agents.

30. Plaintiff's treatment based on his race, color, and national origin by Casey's and its agents was because of the fact that Plaintiff complained to both his local management and the corporate office about the same.

31. Casey's and its agents acted with the intent of forcing Plaintiff to quit.

32. Plaintiff's resignation was a reasonably foreseeable result of the actions of Casey's and its agents.

33. As a direct result of Casey's and its agents' conduct as described herein related to his constructive discharge and Casey's failure to promote Plaintiff to Kitchen Manager, Plaintiff has suffered, and continues to suffer, lost wages and other fringe benefits of his employment at Casey's.

34. Plaintiff has further suffered, and will continue to suffer, non-economic damages as a result of the anger, frustration, disappointment, humiliation, and distress caused by his discharge.

35. Casey's, through the conduct of its agents as described herein, acted with malice or reckless indifference to the rights of Plaintiff not to be discriminated against on the basis of his race, color, national origin, or in retaliation for his complaints against unlawful discrimination.

36. Plaintiff is entitled to recover attorneys fees and costs in this action if he is the prevailing party.

WHEREFORE, Plaintiff prays the court enter judgment in his favor and against Defendant in an amount that will fairly and justly compensate him for his compensatory damages, back pay, front pay, and punitive damages; for his reasonable attorneys fees and costs expended herein; for pre- and post-judgment interest as allowed by law; issue such injunctive orders necessary to prevent conduct of the type complained of herein from occurring in the future; and for such other and further relief as the court deems just and proper in the premises.

### COUNT II - CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Race, Color, and National Origin Harassment)

37. Plaintiff hereby incorporates the averments contained above in paragraphs 1 through 26 as though the same were restated fully herein.

38. Plaintiff was subjected to isolation, unwarranted searches, intimidation, and name-calling based on his race, color, and national origin by Casey's managers and other employees.

39. Plaintiff's failure to submit to the conduct described above played a part in Casey's and its agents' failure to allow Plaintiff to apply for the Kitchen Manager position, failure to promote Plaintiff, constructive discharge of Plaintiff, and treatment of Plaintiff during his employment with Casey's.

40. Casey's and its agents' conduct toward Plaintiff was sufficiently severe and pervasive that a reasonable person in Plaintiff's position would have found Plaintiff's work environment abusive.

41. At the time of the conduct described above, Plaintiff believed his work environment to be abusive.

42. As a direct result of the conduct described above, Plaintiff has further suffered, and will continue to suffer, non-economic damages as a result of the anger, frustration, disappointment, humiliation, and distress.

43. Casey's, through the conduct of its agents as described herein, acted with malice or reckless indifference to the rights of Plaintiff not to be discriminated against on the basis of his race, color, national origin, or in retaliation for his complaints against unlawful discrimination.

44. Plaintiff is entitled to recover attorneys fees and costs in this action if he is the prevailing party.

WHEREFORE, Plaintiff prays the court enter judgment in his favor and against Defendant in an amount that will fairly and justly compensate him for his compensatory damages, back pay, front pay, and punitive damages; for his reasonable attorneys fees and costs expended herein; for pre- and post-judgment interest as allowed by law; issue such injunctive orders necessary to prevent conduct of the type complained of herein from

occurring in the future; and for such other and further relief as the court deems just and proper in the premises.

## COUNT III - CLAIMS 42 U.S.C. § 1981
(Race Discrimination)

45. Plaintiff hereby incorporates the averments contained above in paragraphs 1 through 26 as though the same were restated fully herein.

46. Throughout his tenure with Casey's, Plaintiff was subjected to unwelcome racial harassment.

47. The racial harassment Plaintiff endured during his employment at Casey's was because of his race.

48. The racial harassment Plaintiff endured during his employment at Casey's was sufficiently severe so as to affect the terms, conditions, and privileges of his employment.

49. The racial harassment Plaintiff endured during his employment at Casey's was both objectively and subjectively offensive.

50. Casey's failed to allow Plaintiff to apply for the Kitchen Manager position. This, inevitably, led to Casey's failing to promote Plaintiff to the Kitchen Manager position.

51. Plaintiff's race played a part in the decision of Casey's agents to fail to allow Plaintiff to apply for the Kitchen Manager position.

52. Ultimately, Plaintiff was constructively discharged by Casey's as a result of the years-long pattern of racial harassment Plaintiff endured while working there. Plaintiff would not have been subjected to his harassment but for his race.

53. As a direct result of Casey's and its agents' conduct as described herein related to his constructive discharge as well as Casey's failure to promote Plaintiff to Kitchen

8

Case 2:21-cv-04068-NKL   Document 1   Filed 04/01/21   Page 8 of 10


occurring in the future; and for such other and further relief as the court deems just and proper in the premises.

## COUNT III - CLAIMS 42 U.S.C. § 1981
(Race Discrimination)

45. Plaintiff hereby incorporates the averments contained above in paragraphs 1 through 26 as though the same were restated fully herein.

46. Throughout his tenure with Casey's, Plaintiff was subjected to unwelcome racial harassment.

47. The racial harassment Plaintiff endured during his employment at Casey's was because of his race.

48. The racial harassment Plaintiff endured during his employment at Casey's was sufficiently severe so as to affect the terms, conditions, and privileges of his employment.

49. The racial harassment Plaintiff endured during his employment at Casey's was both objectively and subjectively offensive.

50. Casey's failed to allow Plaintiff to apply for the Kitchen Manager position. This, inevitably, led to Casey's failing to promote Plaintiff to the Kitchen Manager position.

51. Plaintiff's race played a part in the decision of Casey's agents to fail to allow Plaintiff to apply for the Kitchen Manager position.

52. Ultimately, Plaintiff was constructively discharged by Casey's as a result of the years-long pattern of racial harassment Plaintiff endured while working there. Plaintiff would not have been subjected to his harassment but for his race.

53. As a direct result of Casey's and its agents' conduct as described herein related to his constructive discharge as well as Casey's failure to promote Plaintiff to Kitchen

Manager, Plaintiff has suffered, and continues to suffer, lost wages and other fringe benefits of his employment at Casey's.

54. Plaintiff has further suffered, and will continue to suffer, non-economic damages as a result of the anger, frustration, disappointment, humiliation, and distress caused by the pattern of racial harassment and mistreatment he suffered during his employment with Casey's.

55. Casey's, through the conduct of its agents as described herein, acted with malice or reckless indifference to the rights of Plaintiff not to be discriminated against on the basis of his race, color, national origin, or in retaliation for his complaints against unlawful discrimination.

56. Plaintiff is entitled to recover attorneys fees and costs in this action if he is the prevailing party.

WHEREFORE, Plaintiff prays the court enter judgment in his favor and against Defendant in an amount that will fairly and justly compensate him for his compensatory damages, back pay, front pay, and punitive damages; for his reasonable attorneys fees and costs expended herein; for pre- and post-judgment interest as allowed by law; issue such injunctive orders necessary to prevent conduct of the type complained of herein from occurring in the future; and for such other and further relief as the court deems just and proper in the premises.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demand a jury on all issues so triable.

Respectfully submitted,

**LEAR WERTS LLP**

*/s/ Todd C. Werts*

Bradford B. Lear, Mo. Bar No. 53288
Todd C. Werts, Mo. Bar No. 53204
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone: 573-875-1991
Facsimile: 573-279-0024
Email: lear@learwerts.com
Email: werts@learwerts.com
Email: meyer@learwerts.com

**COUNSEL FOR PLAINTIFF**